# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

DANIEL A. FARMER-KIEFE,

      Plaintiff,

v.

UMC HOSPITAL, *et al.*,

      Defendants.

2:08-cv-01561-RCJ-LRL

**O R D E R**

Before the court is defendant's Defendant Dr. Aranas's Motion to Quash (#21) and plaintiff's Opposition (#25). No reply was filed.

Plaintiff's Complaint (#5), in which Dr. Aranas ("Aranas")[1] is named as a defendant in his individual capacity, was filed on May 1, 2009. The allegations against Aranas stem from events which occurred while he was employed as a physician at the Clark County Detention Center. Currently, Aranas is employed as a part-time physician with the Nevada Department of Corrections ("NDOC") at the Southern Desert Correctional Center. *See* Mot. (#21) at 3. No allegations in the Complaint relate to the state of Nevada.

Plaintiff requested the U.S. Marshals Service to serve a copy of the Summons (#16) and Complaint (#5) on Aranas at 3955 W. Russell Road, Las Vegas, Nevada 89118, an address for the NDOC. A copy of the summons and Complaint was delivered to that address on October 27, 2009. *See* Summons Return (#18, dated October 28, 2009). It is noted on the Summons Return that "Tamara Kallhoff, Administrative Assistant NVDOC," accepted service. *Id.*

The instant Motion to Quash was filed on November 19, 2009. Defendant seeks an order

---

[1] Plaintiff, in his prior filings, misspelled defendant's name as "Arunus."

quashing service on grounds that service was not proper. Specifically, defendant argues that the NDOC is not an authorized agent of Clark County and thus cannot accept service on behalf of the county. *See* Mot. (#21) 3-4. Defendant further explains that plaintiff attempted to effectuate service pursuant to Rule 4(j)(2) and NRS 41.031(2)(b), which provides that service on the State of Nevada may be made by leaving the summons and complaint with "[t]he person serving in the office of administrative head of the named agency." *Id.* at 4; NRS 41.031(2)(b). Plaintiff appears to concede as much, stating "Defendant Aranas was served at his place of business, or employment as a state N.D.O.C. employee, and Tamara Kallhoff was authorized to accept service on behalf of such employees' in the normal course of her duties as an N.D.O.C. assistant administrative." [Sic.] Opp'n (#25) at 2-3.

Unless a defendant waives service, a plaintiff must ensure that each defendant is served with a copy of the summons and complaint. Fed.R.Civ.P. 4. Under Rule 4(e)(2), proper service of a defendant may be effectuated by (1) delivering a copy of the summons and complaint to the defendant personally; (2) leaving a copy of the summons and complaint at the defendant's dwelling or usual place of abode with someone of suitable age and discretion; or (3) by delivering a copy of the summons and complaint to an agent authorized to receive service of process.

Here, the summons and Complaint were delivered to Tamara Kallhoff at the NDOC office, not to Aranas. It is not alleged that Aranas resides at the same address as the NDOC office nor that it is his "usual place of abode." While Kallhoff may be authorized to act as an agent for service as to the State of Nevada, there is no evidence that Kallhoff is authorized to accept service on behalf of Aranas. Hence, the attempt to serve Aranas on October 27, 2009 was ineffective.

Accordingly, and for good cause shown,

. . .

. . .

. . .

. . .

IT IS ORDERED that defendant Aranas's Motion to Quash (#21) is GRANTED. The Summons Returned Executed as to Arunus [Sic.] (#19) is hereby quashed.

DATED this 29th day of April, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**